Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
Lauren E. Channell, Esq. (033484)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
Fax: (602) 265-0267
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
lauren@robbinsandcurtin.com

Benjamin Taylor, Esq. (023868)
**TAYLOR & GOMEZ, LLP**
2600 N. 44th Street, Suite B-101
Phoenix, Arizona 85008
Tel: (602) 325-8007
Fax: (602) 957-3257
bt@taylorgomezlaw.com

*Attorneys for Plaintiff Robert Johnson*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Johnson, an individual, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | (Tort – Civil Rights) |
| City of Mesa, a municipality; Jhonte Jones, an individual; Rudy Monarrez, an individual, and Ernesto Calderon, an individual, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Robert Johnson complains against Defendants City of Mesa, Jhonte Jones, Rudy Monarrez, and Ernesto Calderon and alleges as follows:

# PARTIES

1. Plaintiff Robert Johnson is a resident of Maricopa County, Arizona.

2. Defendant City of Mesa is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona. It is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

3. Defendant Jhonte Jones is an individual and a resident of Maricopa County, Arizona.

4. At all times alleged herein, Defendant Jones was a police officer employed by the City of Mesa acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

5. Defendant Rudy Monarrez is an individual and a resident of Maricopa County, Arizona.

6. At all times alleged herein, Defendant Monarrez was a police officer employed by the City of Mesa acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

7. Defendant Ernesto Calderon is an individual and a resident of Maricopa County, Arizona.

8. At all times alleged herein, Defendant Calderon was a police officer employed by the City of Mesa acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

9. For Plaintiff's claims under Arizona state law, Defendant City of Mesa is responsible for the conduct of its officers and employees, including Defendants Jones, Monarrez, and Calderon and is liable to Plaintiff for the damages resulting from their conduct under the theory of *respondeat superior*.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax: (602) 265-0267

10. In this Complaint, Defendants Jones, Monarrez, and Calderon are referred to collectively as the "Officer Defendants."

## JURISDICTION AND VENUE

11. The amount in controversy exceeds the jurisdictional limitations of this Court.

12. This Court has jurisdiction over Plaintiff's federal civil rights claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

13. This Court has supplemental jurisdiction over claims arising under the laws of the State of Arizona under 28 U.S.C. § 1367(c).

14. The events giving rise to this action occurred in Maricopa County, Arizona. Defendant City of Mesa is a political subdivision of the State of Arizona, and the Officer Defendants all reside within Maricopa County, Arizona. Thus, venue is proper in the District of Arizona under 28 U.S.C. § 1391(b).

15. As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim under A.R.S. § 12-821.01 upon Defendants City of Mesa on November 13, Defendant Jones on November 17, and Defendants Monarrez and Calderon on November 19, 2018. The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of law.

## JURY DEMAND

16. Plaintiff demands a jury trial.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17. On May 23, 2018, Plaintiff Robert Johnson and Erik Reyes were in the process of exiting an apartment complex after having peacefully retrieved Reyes' personal property from Reyes' ex-girlfriend.

18. As they approached the complex's elevator, a Mesa police officer exited it.

19. The officer directed Plaintiff to stand near the balcony by the elevators.

20. Plaintiff complied with the officer's request to stand near the balcony by the elevators and began talking on his cell phone.

*ROBBINS & CURTIN, P.L.L.C.*
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

21. Upon information and belief, Officer Calderon told Plaintiff not to leave via the elevator and Plaintiff complied.

22. While Plaintiff was talking on the phone, Defendant Jones asked to search him for weapons.

23. Plaintiff consented to the search, offered no resistance as the officer performed his search, and advised the officer that he might have a knife. While Defendant Jones searched Plaintiff to his satisfaction, Plaintiff continued talking on the phone.

24. When the search was completed, an officer asked Plaintiff to move to the wall across from the balcony.

25. Plaintiff complied with the officer's request.

26. Plaintiff continued talking on his phone to his mother and girlfriend.



27. An officer then asked Plaintiff to sit against the wall.

28. Plaintiff eventually lowered himself against the wall, making himself vulnerable to the officers and reducing his capacity to protect himself.

29. As Plaintiff leaned against the wall, multiple Mesa officers, including the Officer Defendants, rapidly approached him from all sides.

30. Defendant Jones yelled "all the way down" as he moved toward Plaintiff.

31. Within seconds, the Officer Defendants and another officer violently attacked Plaintiff, striking him repeatedly. Defendant Jones appeared to do a knee strike and then

1  punched Plaintiff numerous times, including strikes to the head.  Upon information and
2  belief, Defendant Calderon punched Plaintiff at least once in the head and pulled Plaintiff's
3  legs out.  Upon information and belief, Defendant Monarrez punched Plaintiff.



32.   After the beating, as he was being placed in the elevator, Plaintiff attempted to talk with the officers, at which time he was shoved into the door, placed on the ground, shackled, and gagged with a "spit mask."



33.   Following the attack on Plaintiff, the Officer Defendants wrongfully arrested Plaintiff and wrongfully charged him with disorderly conduct and hindering prosecution.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

34. The Officer Defendants knew that Plaintiff had committed no crime and that there was no probable cause for his arrest.

35. As a result of the Officer Defendants' wrongful conduct, Plaintiff sustained serious injuries and emotional distress, and he incurred medical expenses, other economic losses, and general damages.

## COUNT I

### Assault and Battery

### (Against Defendants City of Mesa, Jones, Monarrez, and Calderon)

36. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37. At all relevant times, the Officer Defendants and other Mesa officers were acting in the course and scope of their employment for Defendant City of Mesa.

38. The Officer Defendants assaulted and battered Plaintiff.

39. The Officer Defendants intentionally caused harmful or offensive contact to Plaintiff.

40. The assault and battery were not justified.

41. As a result of the assault and battery, Plaintiff sustained serious injuries and emotional distress, and he incurred medical expenses, other economic losses, and general damages.

## COUNT II

### Negligence

### (Against Defendant City of Mesa)

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Defendant City of Mesa owes a duty of care to members of the public with whom its officers come into contact and/or investigate, including Plaintiff.

44. Defendant City of Mesa breached this duty by failing to adequately supervise its officers, including the Officer Defendants.

45. Defendant City of Mesa breached this duty by failing to adequately train its officers with respect to the seizure of suspects and the use of force.

46. Defendant City of Mesa breached this duty by failing to adopt adequate and reasonable policies and training with respect to the seizure of suspects and the risks of using force.

47. As a result of Defendant City of Mesa's breaches, Plaintiff sustained serious injuries and emotional distress, and he incurred medical expenses, other economic losses, and general damages.

## COUNT III

**42 U.S.C. § 1983 – Violation of Fourth Amendment Right to be Free of Unlawful Seizures and Excessive Force**

**(Against Defendants Jones, Monarrez, and Calderon)**

48. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

49. Plaintiff has a Fourth Amendment right to be free from unlawful searches and seizures and from excessive force.

50. Defendants Jones, Monarrez, and Calderon violated Plaintiff's Fourth Amendment rights when they attacked and beat Plaintiff.

51. Because Defendants' actions were done knowingly, intentionally, and maliciously, Plaintiff is entitled to recover compensatory and punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For special damages, including but not limited to current and future medical fees and expenses, lost wages, and other economic losses;

B. For general and compensatory damages, including but not limited to pain and suffering, emotional distress, and loss of enjoyment of life;

C. For punitive damages against Defendants Jones, Monarrez, and Calderon;

D. For taxable costs and pre- and post-judgment interest to the extent permitted by law;

E. For attorneys' fees and costs under 42 U.S.C. § 1988 to the fullest extent permitted by law; and

F.  Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: May 3, 2019

**ROBBINS & CURTIN, p.l.l.c.**

By: /s/ Joel B. Robbins
Joel B. Robbins
Jesse M. Showalter
Lauren E. Channell
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012

/s/ Benjamin Taylor
Benjamin Taylor
2600 N. 44th Street, Suite B-101
Phoenix, Arizona 85008

*Attorneys for Plaintiff Robert Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Benjamin Taylor, Esq.
TAYLOR & GOMEZ, LLP
2600 N. 44th Street, Suite B-101
Phoenix, Arizona 85008
*Co-counsel for Plaintiff Robert Johnson*

/s/ Julie Ward Molera