**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Johnson, | No. CV-19-02827-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Joint Motion to Stay Proceedings Pending Appeal. (Doc. 225). Plaintiff Robert Johnson has filed a response objecting to the motion, (Doc. 229), and Defendants have replied. (Doc. 230). The Court now rules.

**I.    BACKGROUND**

Johnson sues the City of Mesa and Mesa Police Department officers based on events stemming from Johnson's May 23, 2018 arrest. Defendants filed motions for summary judgment arguing, among other things, that the officers were entitled to qualified immunity on the Fourth Amendment excessive force claims. (Docs. 174, 176, 181).

On September 8, 2021, this Court issued an order granting in part and denying in part Defendants' motions for summary judgment. (Doc. 214). The Court granted summary judgment in favor of Defendants on Johnson's negligent supervision claim. The Court denied summary judgment on Johnson's Fourth Amendment excessive force claims against individual Defendants, Johnson's state law assault and battery claim against individual Defendants and the City, Johnson's *Monell* claim against the City, and Johnson's state law

negligent training claim against the City. (Doc. 214 at 36–37).

Following the denial of their motions for summary judgment, individual Defendants filed notices of appeals seeking interlocutory review of the Court's denial of qualified immunity. (Doc. 217, 218, 219). On October 12, 2021, Defendants moved to stay all pretrial proceedings pending the interlocutory appeals. (Doc. 225 at 1). Johnson objects to the stay, arguing that Defendants do not meet the factors to grant a stay. (Doc. 229 at 1). For the following reasons, Defendants' motion is granted.

## II.   LEGAL STANDARD AND ANALYSIS

The Court is divested of its jurisdiction over the aspects of the case subject to proper appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But when a notice of appeal is filed with respect to a nonappealable order, the district court is not divested of jurisdiction. *Id.* at 388-389. Circuit courts have jurisdiction over an interlocutory appeal from a denial of summary judgment to "review a denial of qualified immunity." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017). This is because qualified immunity is "immunity from suit, not just a defense to liability." *Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). Thus, this Court loses jurisdiction over a good faith appeal of the fourth amendment excessive force claims.

Johnson's *Monell* and state law claims, however, remain in this Court's jurisdiction. *See, e.g.*, *Leibel v. City of Buckeye*, 382 F. Supp. 3d 909, 913 n.1 (D. Ariz. 2019) ("A district court isn't divested of jurisdiction 'to address aspects of the case that are not the subject of the appeal.'" (quoting *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002)). Though the Court retains jurisdiction over the rest of the claims, a stay pending appeal may nevertheless be warranted. "A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

Judicial discretion in exercising a stay is guided by the *Landis* factors.[1] The Ninth

---

[1] While the parties' briefs used the factors set out in *Nken v. Holder*, 556 U.S. 418 (2009), the Court has adopted the *Landis* test, which follows the majority approach taken by courts in this circuit. *Kuang v. U.S. Dep't of Defense*, No. 18-cv-03698-JST, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) (collecting cases). These courts have reasoned that the *Nken*

Circuit in *Lockyer* set out the *Landis* framework as: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110. Applying the *Landis* factors, this Court finds a stay is warranted.

### A. Balancing Hardships

Under the first two *Landis* factors, "the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Manriquez v. DeVos*, No. 17-CV-07210-SK, 2018 WL 5316174, at *2 (N.D. Cal. Aug. 30, 2018). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Id.* (alteration in original) (quoting *Landis*, 299 U.S. at 255).

Granting the stay would cause minimal harm to Johnson. While Johnson argues that "[e]very moment of delay in resolving his case on the merits is prejudicial," (Doc. 229 at 2), all his claims will not be resolved regardless of whether the Court stays proceedings or not. Johnson would still need to try the Fourth Amendment claims against the officers later.

---

test "is applicable when there is a request to stay a district court's judgment or order pending an appeal of the same case," while *Landis* applies to the decision to stay proceedings. *23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-CV-02791-EMC, 2018 WL 5793473, at *3 (N.D. Cal. Nov. 2, 2018); *see also, e.g.*, *Freeman Expositions, Inc. v. Glob. Experience Specialists, Inc.*, No. SACV1700364CJCJDEX, 2017 WL 6940557, at *1 n.3 (C.D. Cal. June 27, 2017). While *Landis* concerns the power of the court to control its docket and efficiency, *Nken* focuses on whether "equity demands that the court preserve the pre-judicial-relief status quo pending the appellate court's determination of the correctness of that relief." *Kuang*, No. 18-cv-03698-JST, 2019 WL 1597495, at *3. In *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100 (C.D. Cal. 2021), the court applied *Landis* and granted a stay of proceedings while police officers who were denied qualified immunity sought interlocutory review. The court applied *Landis* because the Ninth Circuit's decision of the interlocutory appeal "will likely bear on questions that must be answered" in other aspects of the case. *Id.* at 1106. Given the factual similarities between *Peck* and the case at issue here, this Court also applies *Landis*.

Because the *Nken* factors substantially overlap the *Landis* factors, the Court did not require additional briefing from the parties. *See Nken*, 556 U.S. at 433–34 (The four *Nken* factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

- 3 -

Under these circumstances, the Court finds that the stay would cause minimal damage to Johnson.

Turning to the second factor, Defendants have made out a clear case of hardship if the case were to proceed. *See Landis*, 299 U.S. at 255. Defendants argue that allowing the case to proceed will likely cause individual Defendants to "suffer irreparable injury" as it would require Johnson to "first prove that a Mesa police officer committed an underlying constitutional violation." (Doc. 225 at 5). Thus, allowing the trial to go forward "would rob the doctrine of its essential purpose." (*Id.* at 4) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Johnson claims that going to trial would not be an irreparable injury, especially as the case has been going on for years and discovery has completed. (Doc. 229 at 2).

The Court finds that a stay will serve the purpose of qualified immunity to avoid trial and the burdens of pretrial matters. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). If the Court does not stay the *Monell* claim, the Court and jury would likely need to evaluate the individual officers' conduct—subverting the purpose of qualified immunity and harming individual Defendants. *See Monfils v. Taylor*, 165 F.3d 511, 519 (7th Cir. 1998); *Peck v. Cty. of Orange*, 528 F. Supp. 3d 1100, 1106 (C.D. Cal. 2021). Therefore, the balance of the first two *Landis* factors supports a stay.

### B. Orderly Course of Justice

The final *Landis* factor requires the Court to consider "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110. "[C]onsiderations of judicial economy are highly relevant" to this evaluation. *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).

Johnson argues that the public interest is in a speedy and inexpensive determination of every action which weighs in favor of denying the stay. (Doc. 229 at 2). Defendants contend that the public interest leans in favor of the stay because the Court may be required to hold two trials which could be more expensive. (Doc. 225 at 6).

Here, the Court finds that a stay would "be the most efficient and fairest course . . . [as] there are 'independent proceedings which bear upon the case.'" *Nat'l Union Fire Ins. Co of Pittsburgh, PA v. Elec. Arts, Inc.*, No. 11–04897 JW, 2012 WL 219428, at *1 (N.D. Cal. Jan. 24, 2012) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). If the Court were to proceed to trial on the *Monell* and the state law claims, the Court and jury would likely have to evaluate the individual officers' conduct, even though that same conduct is the subject of the interlocutory appeal. Confronted with this issue in similar cases, courts have found that a stay would simplify the issues on other pending claims and mitigate the risk of duplicative trials. *See, e.g.*, *Peck*, 528 F. Supp. 3d at 1107; *Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2017 U.S. Dist. LEXIS 73803, at *48 (N.D. Cal. May 15, 2017); *Monfils*, 165 F.3d at 519. The Court thus concludes that the overlap in issues weighs in favor of a stay.

### III.   CONCLUSION

In sum, a stay is in the interest of "economy of time and effort" for the Court, for counsel and for litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It would also ensure that the policy behind qualified immunity is preserved.

Accordingly,

**IT IS ORDERED** that Defendants' Joint Motion to Stay Proceedings Pending Appeal (Doc. 225) is **granted**. The case is stayed pending a decision of the Court of Appeals on the pending appeal. If for any reason the appeal is dismissed, or when the Court of Appeals issues a decision, Plaintiff must file a notice of readiness for trial within 7 days.

Dated this 14th day of January, 2022.

James A. Teilborg
Senior United States District Judge